UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ERICA PARKER,

**CV 14          7546**

Plaintiff,          **COMPLAINT**

-against-                                    Civil Action No.:

CITY OF NEW YORK and UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS, EMPLOYEES & AGENTS,

Defendants.
------------------------------------------------------------------X

The plaintiffs, complaining of the defendants, by her attorney, MARTIN L.

GINSBERG, PC, respectfully shows to this Court and alleges:

<u>JURISDICTION</u>

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance,

regulation, custom or usage of a right, privilege, and immunity secured to

plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the

United States (42 U.S.C. § 1983) and arising under the law and statutes of the

State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4),

this being an action authorized by law to redress the deprivation under color of

law, statute, ordinance, regulation, custom and usage of a right, privilege, and

immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the

Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5.  The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6.  That an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

PARTIES

7.  That the plaintiffs, ERICA PARKER, a female, is a resident of the United States and is a resident of the County of Kings, State of New York.

8.  Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.  Upon information and belief, that at all times hereinafter mentioned, the defendant NYC its agents, servants and employees operated, maintained and controlled the NEW YORK CTY POLICE DEPARTMENT (NYPD), including all the police officers thereof, and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondent superior as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times hereinafter mentioned, defendants, unidentified New York City Police Officers, Employees and Agents, were employed by the defendant NYC as police officers in New York City, New York.

11. The NYPD is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the

defendant, NYC is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12.  This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

13.  Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state and city.

## STATEMENT OF FACTS

14.  That Plaintiff was subjected to the above conduct on May 5, 2014 when members of the 73rd Precinct of the New York City Police Department did confront plaintiff at a convenience store located at the intersection of Rockaway Avenue and Livonia Avenue in Brooklyn, New York.  Plaintiff had given a debit card to a clerk at the store.  He refused to return the card.  A police officer assigned to the 73rd Precinct did come to the store.  As plaintiff attempted to walk out of the store said police officer put a choke hold on the plaintiff, threw her to the ground, and put his knees in her back.  He applied handcuffs to her wrists and legs.  Plaintiff was taken to the 73rd Precinct where she was placed under

18. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' right to be free from the use of excessive and unreasonable force.

19. That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically causing them to be subjected to physical pain, humiliation, embarrassment, anxiety and was subjected to various ongoing physical and emotional harms, pecuniary harms and were otherwise harmed.

20. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

<u>AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C § 1983 AND THE FOURTH AMENDMENT VIA FALSE ARREST</u>

21. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

22. That all of the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subject to being falsely arrested by the defendants.

23.  That the defendants confined the plaintiff in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff were conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

24.  As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' rights to be free from arrest without probable cause.

25.  That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

26.  That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

27.  That by reason of the aforesaid, plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. Section 1988.

## AS AND FOR A THIRD

## AS AND FOR A ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF-VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO DEFENDANT CITY OF NEW YORK'S FAILURE TO PROPERLY HIRE, TRAIN, SUPERVISE AND DISCIPLINE INDIVIDUAL DEFENDANT POLICE OFFICERS

28.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

29.  That the defendant NYC was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants.

30.  That the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

31.  That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers and that said failure rose to a level of deliberate indifference to the constitutional right of plaintiff.

32.  That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.