```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
ERICA PARKER,

                            Plaintiff,             **MEMORANDUM & ORDER**
                                                   14-CV-7546 (MKB) (MDG)
                v.

CITY OF NEW YORK and UNIDENTIFIED NEW
YORK CITY POLICE OFFICERS, EMPLOYEES
and AGENTS,

                            Defendants.
---------------------------------------------------------------
```
MARGO K. BRODIE, United States District Judge:

Plaintiff Erica Parker commenced the above-captioned action on December 30, 2014, against Defendants the City of New York and unidentified New York City Police Officers, Employees and Agents, asserting claims of excessive force, false arrest and municipal liability. (Compl. ¶¶ 18–32, Docket Entry No. 1.) After seeking additional time to respond to the Complaint, on May 4, 2015, the City filed an answer to the Complaint. (Answer, Docket Entry No. 6.) By letter dated May 22, 2015, counsel for Plaintiff notified the Court that he had lost contact with Plaintiff and requested an additional thirty to forty-five days to locate Plaintiff. (May 22, 2015 Ltr., Docket Entry No. 9.) Magistrate Judge Marilyn Go granted the request on May 26, 2015. (May 26, 2015 Min. Entry.) On August 20, 2015, Plaintiff's counsel moved to withdraw as counsel in view of his inability to locate Plaintiff. (Mot. to Withdraw, Docket Entry No. 12.) On September 25, 2015, Judge Go granted counsel's application to withdraw as counsel, subject to counsel's agreement to continue representing Plaintiff if Plaintiff were to contact him on or before October 26, 2015. (Sept. 25, 2015 Min. Entry and Order, Docket Entry No. 13.) By Report and Recommendation dated November 4, 2015 ("R&R"), Judge Go

recommended that the Court dismiss the action with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (R&R, Docket Entry No. 14.) No objections were filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Go's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). This action is dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to close this case.

SO ORDERED:

\_\_\_\_\_s/ MKB\_\_\_\_\_
MARGO K. BRODIE
United States District Judge

Dated: November 24, 2015
      Brooklyn, New York